FULTON BAG & COTTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43796, 48383. Filed August 11, 1954.

*Norman D. Cann, Esq.,* and *Bernard J. Long, Esq.,* for the petitioner.

*Newman A. Townsend, Jr., Esq.,* and *H. E. Kelly, Esq.,* for the respondent.

1050

**OPINION.**

VAN FOSSAN, *Judge:* The question presented in Docket No. 43796 is whether the losses sustained by petitioner during its fiscal years ended November 30, 1946 and 1947, respectively, on its transactions in cotton futures are deductible in full as ordinary losses or as cost of goods sold. The parties are agreed that such question is to be answered in the

affirmative, if, as contended by petitioner, the losses were a result of bona fide hedging operations; whereas, if such losses were sustained from speculating in cotton futures, they are deductible only as capital losses as originally determined by respondent. This agreement is consistent with the rationale of such cases as *Stewart Silk Corporation*, 9 T. C. 174; *Estate of Dorothy Makransky*, 5 T. C. 397, affd. 154 F. 2d 59; *Kenneth S. Battelle*, 47 B. T. A. 117; *Ben Grote*, 41 B. T. A. 247; and *Commissioner* v. *Farmers & Ginners Cotton Oil Co.*, 120 F. 2d 772, reversing 41 B. T. A. 1083, certiorari denied 314 U. S. 683. See also G. C. M. 17322, XV-2 C. B. 151.

Petitioner's position is that its transactions in cotton futures contracts were directly related to its business of manufacture and sale of cotton bags; were entered into as a method of insuring itself against possible market decline in the value of its inventory of raw cotton, goods in process, and unsold finished goods; and that such transactions constituted true hedging transactions rather than speculation.

Respondent argues, on brief, that petitioner had no risk against which to hedge since it valued its inventory on the so-called Lifo method and intended the continued use of such method and the maintenance of a constant physical level of closing inventory each year; and that, *ergo*, petitioner's transactions in cotton futures were not true hedges, but to the contrary, were sheer speculation. Reduced to its essence, respondent's contention, as we understand it, is that any taxpayer regularly employing the so-called Lifo method, which taxpayer also intends to, and does, in fact, maintain a constant level of closing inventory each year, by reason thereof, stands no risk of ever sustaining a business loss caused by fluctuation of the market, and that any transactions by such a taxpayer in futures of the commodity in which it regularly deals must *a fortiori* be speculation. We agree neither with respondent's conclusion nor with the premise upon which it is based.

The so-called Lifo method is merely an accounting procedure employed in computing the value of the closing inventory of a taxpayer for tax purposes. This method is designed to prevent the reflection and consequent recognition as profit of an appreciation in the value of merchandise during the taxable year. Conversely, it likewise prevents such reflection and recognition of a depreciation therein. In application, where a taxpayer ends the year with the same level of inventory with which it began, the so-called Lifo method, it is true, would not reflect a loss, nor for that matter a gain, upon the user's books of account. But, it does not logically follow that a gain or loss may not, in fact, have actually been realized by such taxpayer. All of which is to say that the Lifo method is no guarantee against the hazards of business, and the use thereof does not, in and of itself,

insure the user against the realization of an actual gain or loss. This is true, whether or not a constant level of inventory is maintained. The method of accounting employed by a taxpayer has no bearing whatever upon, and, in fact, is an irrelevant factor in determining whether certain transactions on the commodities market constitute a true hedge. See also G. C. M. 17322, *supra*. Moreover, this conclusion appears to be in accord with respondent's own recognition of the use of true hedges by a taxpayer which employs the Lifo method. See Regs. 111, sec. 29.22(d)–1.

Whether or not petitioner's transactions in cotton futures during the years before us constituted true hedges is a question of fact to be resolved from those appearing on the present record. The term "hedge" is elusive and incapable of being defined with exactness and precision, *Kenneth S. Battelle, supra*. The Court of Appeals for the Sixth Circuit in *Commissioner* v. *Farmers & Ginners Cotton Oil Co., supra*, gave as a broad definition thereof the following:

A hedge is a form of price insurance; it is resorted to by business men to avoid the risk of changes in the market price of a commodity. The basic principle of hedging is the maintenance of an even or balanced market position. * * *

But, as was pointed out in *Kenneth S. Battelle, supra*, at page 126:

This description of hedging is not sufficiently detailed and exclusive to be used as a complete guide in all factual inquiries without the addition of such further necessary and material qualifications as the facts of the individual case require.

Thus, although the maintenance of a balanced or even market position is contemplated and constitutes the very essence of hedging, *Stewart Silk Corporation, supra*, nevertheless, a true hedge becomes nonetheless a true hedge because the futures transactions are not concurrent with spot transactions. G. C. M. 17322, *supra*. Nor is a true hedging transaction converted into a speculative one by the failure of the hedger to close out its futures contracts simultaneously with the sale of its spot goods. It is sufficient that such closeout transactions take place within a reasonable time following the elimination of the risk factor; and where, as here, the hedger closes out its futures contracts within the same taxable period as the sale of the spot goods takes place, we believe such closing transaction to be within a reasonable time. Furthermore, the fact that the taxpayer had never before or since entered into a hedging transaction is not conclusive of whether the ones in the taxable years under review constituted bona fide hedging or merely speculation. Cf. also *Stewart Silk Corporation, supra*.

We have viewed the facts on the present record in light of the foregoing definition handed down in the *Farmers & Ginners Cotton Oil Co.* case, making such "* * * further necessary and material qualifications * * *" as such facts require, see *Kenneth S. Battelle, supra*,

and have concluded that the futures transactions entered into by petitioner during the fiscal years involved were true hedging operations to insure it against the risks of the cotton market. We have so found as a fact, and here hold, that the losses sustained by petitioner as a result thereof are deductible in full as ordinary losses or as cost of goods sold.

In view of the stipulation of the parties set forth above, such holding renders consideration of the question presented in Docket No. 48383 unnecessary.

> *Decision in Docket No. 43796 will be entered under Rule 50.*
>
> *Decision in Docket No. 48383 will be entered for the respondent.*